UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ALLEN BROWN,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE
OFFICER TIMOTHY DOWNING, in his
individual and official capacity, and P.O.
JANE DOE and JOHN DOE, 1 through 8
(Fictitious Defendants),

        Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
1:15-cv-04978(FB)

*Appearances:*
*For the Plaintiff*
OSITA EMMANUEL OKOCHA
Law Office of Osita Okocha, P.C.
88-14 Sutphin Blvd., 2nd Floor
Jamaica, NY 11435

*For the Defendant*
KARL J. ASHANTI
The City of New York Law
Department
Special Federal Litigation Division
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

      Plaintiff Allen Brown brings claims against defendants the City of New York, Officer Timothy Downing, and eight unnamed officers under 42 U.S.C. § 1983 for false arrest and malicious prosecution and § 1985 for conspiracy. Plaintiff also alleges liability against the City under *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff's conspiracy and *Monell* claims are dismissed with prejudice.

Defendants' motion to dismiss is otherwise denied.[1]

**I.**

In his Second Amended Complaint ("SAC"), plaintiff alleges that on August 22, 2012, he was arrested by eight New York City police officers without a warrant. He was charged with nine counts of sale and possession of cocaine. He was indicted by a grand jury. His arrest and indictment appear to be based on Officer Downing's identification of plaintiff as a person who sold drugs to an undercover officer during a sting operation.

After a jury trial, plaintiff was acquitted, and he filed this lawsuit. Essentially, he alleges that his arrest without a warrant or probable cause was illegal, and Officer Downing and the other unnamed officers knowingly lied about his involvement in the drug transactions to obtain an indictment.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The same standard applicable to Fed.R.Civ.P. 12(b)(6) motions to dismiss applies to Fed.R.Civ.P. 12(c) motions for judgment on the pleadings." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). "Thus, we will accept all factual allegations in the complaint as true and draw

---

[1] The parties' related letter motion to stay discovery is denied as moot.

all reasonable inferences in [plaintiffs'] favor." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.

**A. False Arrest**

First, defendants argue plaintiff's false arrest claim is time-barred by New York's three-year statute of limitations because he was arrested on August 22, 2012 and filed his initial complaint on August 25, 2015, three years and three days later.[2] *See Owens v. Okure*, 488 U.S. 235, 251 (1989). However, "if 'success on [a § 1983] claim would necessarily imply the invalidity of a conviction in a pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.'" *Covington v. City of New York*, 171 F.3d 117, 124 (2d

---

[2] Defendants do not challenge plaintiff's allegation that his arrest lacked either a warrant or probable cause, nor do they allege any defect in plaintiff's pleading of this claim except for the failure to meet the statute of limitations.

3

Cir. 1999) (quoting *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996)). This is so because "§ 1983 actions . . . are not 'appropriate vehicles for challenging the validity of outstanding criminal judgments'" and "'[i]f such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.'" *Id.* (quoting *Smith*, 87 F.3d at 113). This inquiry is "inherently a factual one," *id.* at 122, which the court cannot make at the pleading stage. Therefore, plaintiff's false arrest claim survives.

**B. Malicious Prosecution**

To plead a claim for malicious prosecution, a plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). Defendants challenge elements (1) and (3), arguing that plaintiff failed to allege that the police officers initiated or continued a criminal proceeding against him, and that the grand jury indictment created a presumption of probable cause, which plaintiff failed to overcome. *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015).

However, plaintiff alleges "[a]ll criminal complaints, allegations and charges were sworn to under oath by Defendants Police Officers as true, even though they knew them

4

to be false." SAC ¶ 36. For the following reasons, this allegation sufficiently states a malicious prosecution claim.

First, while "there is a presumption that prosecutors exercise independent judgment in deciding whether to pursue a prosecution, plaintiff [can overcome this presumption by] demonstrat[ing] that defendant [police officer] 'distorted the process by which plaintiff was brought to trial.'" *Bazemore v. City of New York*, 2016 WL 1449746, at *5 (S.D.N.Y. Apr. 12, 2016) (quoting *Bailey v. City of New York*, 79 F. Supp. 3d 424, 449 (E.D.N.Y. 2015)). "Prototypical examples of such distortion include <u>providing false information to . . . a prosecutor.</u>" *Id.* (emphasis added); *see also Townes v. City of New York*, 176 F.3d 138, 147 (2d Cir. 1999) (suggesting "evidence that the police officer misled or pressured the official who could be expected to exercise independent judgment" may allow malicious prosecution claim to go forward).

Second, the presumption of probable cause created by the grand jury indictment may be "overcome by evidence that the indictment 'was the product of fraud, <u>perjury,</u> the suppression of evidence by the police, or other police conduct undertaken in bad faith.'" *Bermudez*, 790 F.3d at 377 (quoting *Green v. Montgomery*, 219 F.3d 52, 60 (2d Cir. 2000)). (emphasis added).

Therefore, plaintiff's allegation that the officers repeatedly lied under oath to obtain an indictment is sufficient to overcome these presumptions.[3]

Defendants argue that plaintiff cannot raise a triable issue of fact on probable cause through his own testimony. *See Bonds v. City of New York*, 2014 WL2440542, at *7 (E.D.N.Y. May 30, 2014). While it is true that plaintiff cannot ultimately meet his evidentiary burden with mere conjecture, *Savino v. City of New York*, 331 F.3d 63, 73 (2d Cir. 2003), this is a question of what constitutes sufficient evidence at summary judgment. At the pleading stage, it is enough for plaintiff to allege facts supporting a lack of probable cause. Plaintiff has successfully done so. Therefore, the malicious prosecution claim survives.[4]

**C. Section 1985 Conspiracy**

Plaintiff pleads a claim for conspiracy under 42 U.S.C. § 1985, alleging defendants conspired to deprive him of his rights. However, such a claim is barred by the intra-corporate conspiracy doctrine, which holds that employees of a single corporate

---

[3] Defendants argue this allegation is too conclusory to survive *Twombly*, but the Court disagrees. While the plaintiff could have included more specifics, the essence of his claim is evident—defendants knowingly lied when they told the prosecutor that plaintiff sold cocaine to the undercover officer.

[4] Defendants also argue that plaintiff cannot succeed by showing defendants lied at the grand jury hearing because witnesses have absolute immunity for their grand jury testimony. *Rehberg v. Paulk*, 566 U.S. 356, 375 (2012). However, plaintiff alleges defendants knowingly lied at all stages of the investigation, not just before the grand jury.

entity are legally incapable of conspiring together. *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978). This doctrine applies to police officers who are all part of the same corporate entity, such as the City of New York. *Little v. City of New York*, 487 F. Supp. 2d 426, 441-42 (S.D.N.Y. 2007).

Therefore, plaintiff fails to plead this claim.

**D. Municipal Liability**

Finally, plaintiff alleges *Monell* liability, claiming the city has a municipal policy or custom that caused the deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). "[A] plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). However, at the pleading stage, even before *Twombly* and *Iqbal*, "the mere assertion . . . that a municipality has such a custom or policy [was] insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference . . . ." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Dwares v. City of New York*, 985 F.2d 94, 1000 (2d Cir. 1993)). "In light of [*Twombly* and *Iqbal*], it is now clear that such boilerplate claims do not rise to the level plausibility." *Santiago v. City of New York*, 2009 WL 2734667, at *3 (E.D.N.Y. 2009).

Plaintiff's SAC does little more than make boilerplate accusations that the City of New York has such a custom or policy. The SAC does not allege what the policy or

custom is. Instead, it relies on circumstantial evidence—that the City of New York has either settled or been named as a defendant in other lawsuits "alleging false arrest and malicious prosecution." SAC ¶ 86. However, citation of a separate action "premised on a different set of factual allegations, does not support an inference that [plaintiff's] injuries were caused by the City's failure to train its employees," *Simms v. City of New York*, 480 F. App'x. 627, 630 (2d Cir. 2012), particularly when "'neither the judge nor a jury found as a fact that the City employed harmful practices or policies' in the other action," *id.* (quoting *Simms v. City of New York*, 2011 WL 4543051, at *3 (E.D.N.Y. Sept. 28, 2011)); *see also Collins v. City of New York*, 923 F. Supp. 2d 462, 479 (E.D.N.Y. 2013) (holding "litany of other police-misconduct cases are insufficient to make a plausible case for *Monell* liability."). Plaintiff does not allege how these other actions relate to this one, what factual similarities they pose, what common policy or custom is at issue, or even whether the other lawsuits resulted in a verdict against the city. The existence of other lawsuits against the City, without more, is insufficient to support a *Monell* claim.

Therefore, plaintiff has failed to allege his *Monell* claim with sufficient factual specificity, and it is dismissed with prejudice.

## III.

Accordingly, plaintiff's conspiracy and *Monell* claims are dismissed with prejudice. Defendants' motion to dismiss is otherwise denied.

**SO ORDERED**

/S/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
February 26, 2018